[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15867
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cr-00189-GAP-GJK-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

DANIEL S. METZ,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 16, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

    Daniel Metz appeals his convictions for knowingly making false, fictitious,

or fraudulent claims against the United States government and obstruction of

justice.  After review of the record and the parties' briefs, we affirm.

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Following the initiation of a civil investigation into his personal tax activities, Mr. Metz belatedly submitted purportedly "self-prepared" tax returns for 2005, 2006, and 2007, with which he included sixteen 1099 Original Issued Discount ("OID") forms. Certain peculiarities in these OID forms prompted the IRS to open a criminal investigation. As the investigation progressed, Mr. Metz, among other things, allegedly forced Paul Cratty, the IRS agent on the case, to disclose his social security number before Mr. Metz would provide information; moved to quash summonses that the IRS issued; and sought injunctive relief against the IRS.

Mr. Metz was ultimately indicted on three counts of knowingly making false, fictitious, or fraudulent claims against the United States government, in violation of 18 U.S.C. § 287, and one count of obstruction of justice, in violation of 26 U.S.C. § 7212(a). The district court held a three-day jury trial, during which Mr. Metz sought to establish that he had acted in mistaken but good-faith reliance on the advice of legal and accounting professionals.

On direct examination, Agent Cratty testified that Mr. Metz demanded that he provide his social security number before Mr. Metz would provide him with

requested information.  On cross-examination, Mr. Metz's counsel asked, "There's nothing wrong with a taxpayer asking an agent what his authority is for doing something, is there?"  Agent Cratty answered in the negative.  The district court interjected, "I don't know about asking for a social security number, though."  Mr. Metz's counsel then thanked the district court for raising the issue.

Mr. Metz later called Dana Kaufman, a CPA and attorney, to testify as an expert witness as to the obstruction charge.  On cross-examination, the government asked Mr. Kaufman whether he had ever previously "seen an OID with the credit card limits listed as the original issue discounts."  Mr. Kaufman responded in the negative, but stated that he had "heard about the people who teach others to fill out OID forms that way."  The district court asked whether Mr. Metz's petition to quash "strike[s] [Mr. Kaufman] as being in terms of its language and content similar to some of the tax protester stuff that you see from these other people that tell people how to fill out OIDs."  It went on to ask Mr. Kaufman for clarification that he "had heard about or seen people who recommend using OIDs as a tax strategy," and then inquired whether "some of the language in th[e] petition [is] similar to the language used by those people."

On re-direct, Mr. Metz's counsel asked Mr. Kaufman about certain language in Mr. Metz's petition to quash that cited a Supreme Court case and Corpus Juris Secundum for the proposition that the United States is a corporation.  Mr. Kaufman

opined that he did not believe Mr. Metz, as an engineer lacking legal training, "would have any idea how to come up with these cites." At the close of re-direct, the district court returned to this line of questioning and asked Mr. Kaufman, "[A]re you telling me that you know a lawyer that would write a paragraph like that and submit it to federal court without being in fear of sanctions?"

Mr. Metz finally called Carlos Samlut to testify as an expert on OIDs. On direct examination, Mr. Metz's counsel inquired into Mr. Samlut's views on Craig Holcomb, whose seminars Mr. Metz allegedly attended to learn how to file OIDs. Asked if he agrees with what Mr. Holcomb teaches, Mr. Samlut responded, "No. I don't agree with anything that Craig Holcomb or any of those other individuals that teach this 1099 OID method or theory, so no, I do not agree with them." In response, the district court asked, "Is it fair to say you wouldn't expect to find any legitimate CPA who would agree with that strategy?"

With respect to comments made during trial, the district court instructed the jury as follows: "You should not assume from anything I have said during the course of the trial that I have any opinion about the facts of this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts." The jury returned a guilty verdict.

4

On appeal, Mr. Metz argues that, by posing the questions and interjecting the comments at trial cited above, the district court improperly abandoned its neutrality and acted as an advocate for the government, denying him a fair trial in the process.[1]

## II

We ordinarily review a district court's conduct during trial for abuse of discretion. *United States v. Palma*, 511 F.3d 1311, 1317 (11th Cir. 2008). Because Mr. Metz did not object to the district court's questions and comments at issue here, however, we review for plain error. *See United States v. Rodriguez*, 627 F.3d 1372, 1380-82 (11th Cir. 2010). To satisfy this standard, the defendant must show that (1) there was an error (2) that was plain (3) that affected his or her substantial rights and (4) seriously affected the fairness of the proceedings. *Id.* at 1380. Showing that an error affected substantial rights almost always requires that the error affected the outcome of the case. *Id.* at 1382. The defendant must establish a "reasonable probability" of a different result but for the error. *Id.*

In determining the impact of the district court's questions and comments, we "consider the record as a whole, not merely isolated remarks." *Newman v. A.E.*

---

[1] Mr. Metz also takes issue with the district court's characterization of certain advice on which he purportedly relied as "malarkey." Because the district court made this remark outside the presence of the jury, it does not factor into our analysis. *United States v. Hill*, 643 F.3d 807, 845 (11th Cir. 2011).

*Staley Mfg. Co.*, 648 F.2d 330, 334-35 (5th Cir. Unit B. 1981).  We may only reverse based on the district court's improper conduct where it had a "clear effect" on the jury.  *United States v. Hill*, 643 F.3d 807, 845 (11th Cir. 2011).  The district court therefore abuses its role only when it "strays from neutrality," and its remarks demonstrate "pervasive bias and unfairness that actually prejudice a party."  *Id.* at 845-46.

### III

Mr. Metz contends that the district court's questions and comments amounted to plain error and deprived him of a fair trial.  We are not persuaded.

Although a defendant is entitled to an impartial judge, a district judge is not "relegated to complete silence and inaction during the course of criminal jury trial."  *United States v. Wright*, 392 F.3d 1269, 1274 (11th Cir. 2004).  The district court may comment on the evidence, question witnesses, and elicit facts not yet adduced or clarify those previously presented.  *Hill*, 643 F.3d at 845.  *See also* Fed. R. Evid. 614(b) ("The court may examine a witness regardless of who calls the witness.");  *United States v. Day*, 405 F.3d 1293, 1297 (11th Cir. 2005) (holding that the district court did not abuse its discretion when it "suggested to the government the manner in which [confusing testimony] might be clarified").  The district court, however, abuses its authority when it assumes the role of advocate.  *See* Fed. R. Evid. 614, Advisory Committee Note; *Wright*, 392 F.3d at 1274.

Viewing the record as a whole, and assuming, without deciding, that the district court's remarks were improper, Mr. Metz has not made a showing that the district court's errors had a "clear effect" on the jury that affected his substantial rights and amounted to plain error.  See *Hill*, 643 F.3d at 845; *Newman*, 648 F.2d at 334-35.  The jury heard substantial evidence from the government establishing Mr. Metz's fraudulent filing of personal tax returns and the actions he took to obstruct the IRS's investigation into his personal tax activities.  It also heard lengthy testimony from Mr. Metz himself and several expert witnesses in support of Mr. Metz's good-faith defense.  Moreover, the jury received an instruction from the district court to disregard any commentary from the court on the facts of the case, and we presume the jury followed that instruction.  *Hill*, 643 F.3d at 846.

Although the district court might have phrased some of its questions and comments more artfully, in light of the government's evidence against him and the district court's curative instruction, Mr. Metz cannot meet his burden of showing a "reasonable probability of a different result" amounting to plain error.  *Hill,* 643 F.3d at 846; *Rodriguez*, 627 F.3d at 1382.[2]

## IV

Mr. Metz's convictions are affirmed.

---

[2] The parties dispute whether we should review the district court's purportedly improper statements individually or for cumulative error.  We conclude that the result would be the same under either analysis.